IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| DONALD W. KENNEDY, | : | Case No. 09-12289-TPA |
| *Debtor* | : | |
| | : | Chapter 13 |

| | | |
|---|---|---|
| MARY LYNN KENNEDY, | : | |
| *Plaintiff* | : | Adv. No. 10-1020 |
| | : | |
| vs. | : | |
| | : | |
| DONALD W. KENNEDY, | : | |
| *Defendant.* | : | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Mary Lynn Kennedy ("Wife"), is the ex-wife of Debtor/Defendant, Donald W. Kennedy ("Husband"). Wife initiated this adversary proceeding on February 8, 2010 by filing a *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(15)* ("Complaint"). The *Complaint* pertains to certain unpaid obligations which Husband owes Wife pursuant to a "Final Decree" that was entered on September 2, 2008, concluding the Parties' divorce action previously pending in the Crawford County Court of Common Pleas.

1

The *Complaint* asks that the Court declare the obligations to be non-dischargeable under *11 U.S.C. §523(a)(15)[1]*, which applies to debts  owed to a former spouse

> " ... and not of the kind described in [*Section 523(a)(5)*] that is incurred by the debtor in the course of a divorce...or in connection with...a divorce decree."

*11 U.S.C. §523(a)(15)*.  *Section 523(a)(5)* excepts from discharge debts resulting in a "domestic support obligation," a term defined by *11 U.S.C. §101(14A)*.[2]  In other words, *Section 523(a)(15)* expands upon the *Section 523(a)(5)* exception by also eliminating "divorce-related" obligations from discharge even if they do not qualify as "domestic support" obligations.

When Husband filed his *Answer* he correctly pointed out a subtle, yet critical,

---

[1]    Unless otherwise noted, all statutory references herein are to Title 11 of the U.S. Code, i.e., the *Bankruptcy Code*.  The Court's jurisdiction to hear this matter pursuant to *28 U.S.C. §1334* was not in dispute.  This case is a core matter pursuant to *28 U.S.C. §157(b)(2)(A)* and *(I)*.

[2]    The Bankruptcy Code defines the term "domestic support obligation" as:

... a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
(A) owed to or recoverable by--
          (I) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
          (ii) a governmental unit;
(B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
(C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
          (I) a separation agreement, divorce decree, or property settlement agreement;
          (ii) an order of a court of record; or
          (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
 (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.  *11 U.S.C. §101(14A)*

2

distinction involving the discharge of debt arising from divorce related matters in a Chapter 13

bankruptcy proceeding.  While the *Section 523(a)(15)* exception to discharge generally applies to

discharges in cases under Chapters 7 and 11, as to Chapter 13 cases, it applies only  to hardship

discharges under *Section 1328(b)*.  *See In re Blackburn*, 412 B.R. 710 (Bankr. W.D.Pa. 2009)

(discussing the applicability of *Section 523(a)(15)* to discharges under Chapters 7, 11 and 12, but

not Chapter 13).  With respect to a "normal" discharge granted upon completion of a Chapter 13

plan, debts described in *Section 523(a)(15)* are not excepted from discharge although debts under

*Section 523(a)(5)* are discharged.  *See Section 1328(a)(2).*

At the Pretrial Conference held in this matter on April 21, 2010, the Parties advised

the Court that they believed the matter could be decided on stipulated facts.  Based on that

representation, the Court issued an order directing the Parties to file such a stipulation as well as

accompanying briefs and allowing each a further opportunity to request an evidentiary hearing by

May 21st if for some reason they changed their view as to the need for such a hearing.[3]  On May 20,

2010, a *Combined Pretrial Statement* was filed with 28 paragraphs of stipulated facts and 6 exhibits.

Included in the factual stipulations was a stipulation to the effect that one of the obligations in

question, that is, $94,466.20 of the balance due under the Final Decree, was an "equitable

distribution award."   Neither Party requested an evidentiary hearing by the May 21st deadline.

---

[3]   This *Order* also reminded the Parties that the Court is not obligated to scour the entire record to find a
factual dispute, to seek out facts not identified by the Parties, or to anticipate legal theories not advanced by the
Parties.  *See Order* of April 26, 2010, Document No. 8 (citing *Dawley v. Erie Indemnity Co.*, 100 Fed. Appx. 877,
880-81 (3d Cir. 2004)).  The Parties were therefore cautioned to include in their submissions all facts and legal
arguments they wanted the Court to consider.

3

On June 16, 2010, Husband filed a brief in support of his position essentially reiterating the distinction set forth in his *Answer* as to the extent of the various, available discharges but adding that the basis for differing treatment of *Section 523(a)(15)* debts in Chapter 7 and Chapter 13 cases was supported by the "longstanding legislative intent" to provide broader relief to debtors in the latter instance. Wife filed her brief on June 30, 2010, and for the first time argued that Husband's obligation pursuant to the Final Decree should be "properly characterized as a domestic support obligation under 523(a)(5) versus a mere division of property under 523(a)(15)." *Plaintiff's Brief in Support of Combined Pretrial Statement*, Document No. 16 , at 8.

In response, on July 7, 2010, Husband filed a motion for leave to file a supplemental brief pointing out that the *Complaint* itself was strictly limited to *Section 523(a)(15)* and that the factual stipulation of the Parties clearly stated that $94,466.20 of the amount at issue represented an equitable distribution award. On July 12, 2010, the Court granted Husband's request to file a supplemental brief, followed by an opportunity for Wife to file a reply brief. The *Order* granting that motion specifically directed the Parties to address in their briefs the "conclusive" effect of their stipulation concerning the nature of the $94,466.20 obligation.

Despite that *Order*, neither of the Parties addressed the conclusiveness issue in their supplemental briefs. This caused the Court to issue a further Order on August 5, 2010, which stated in part:

> Relying on the representations of the Parties that since no material factual disputes existed and there was  no need for an evidentiary hearing, the Court advised them that it would decide the matter on stipulated facts which they were to submit. The Parties have submitted a factual stipulation that $94,466.20 of the amount owed by Husband to Wife under the Final Decree represents an "equitable distribution" award. Based on that stipulation it is clear that the amount in question is not a "domestic support obligation"

4

within the meaning of *Section 523(a)(5)* and is therefore potentially dischargeable under *Section 523(a)(15)* should Husband successfully complete his plan.  The Court stands prepared to rule to that effect, pending one final opportunity for the Parties to argue why the stipulation is not binding, as set forth below.

Neither Party took any action by the August 13, 2010 deadline set by the Court and neither Party requested oral argument by August 27, 2010, an option also provided by the Court.  Accordingly the matter is now ripe for decision on the stipulated facts.

### *DISCUSSION*

Based on the stipulations of the Parties the entire amount at issue in this case may be summarized as follows:

| | |
|---|---|
| $  94,466.20 | Balance of equitable distribution award |
| $    5,000.00 | Counsel fees |
| $  10,467.88 | Costs and expenses |
| $  15,509.34 | Rental credit |
| $125,443.42 | Total |

As previously indicated, by agreement of the Parties, the $94,466.20 is an equitable distribution award and therefore properly classified as a debt falling under *Section 523(a)(15)*.  Thus, this debt is not subject to an exception from discharge in a discharge allowed in Chapter 13 pursuant to *Section 1328(a)* following completion of the plan.  That leaves three items of Husband's obligation remaining for decision.

In arriving at its decision on the remaining, disputed items in this matter, the Court operates under the well-recognized principle that Wife, as the party who is in effect objecting to

discharge, bears the burden of proof by a preponderance of the evidence.  *See Fed.R.Bnkr.P. 4005*;

*In re Cohn*, 54 F.3d 1108, 1114 (3d Cir. 1995).  Furthermore, in light of the overriding purpose of

the *Bankruptcy Code*, exceptions to discharge are strictly construed against creditors and liberally

construed in favor of debtors.  *Cohn*, 54 F.3d at 1113.

  In the present case, Wife therefore has the burden of proving that the three items

remaining in issue are properly characterized as "domestic support obligations."  As previously

noted, this is a defined term under *Section 101(14A)* of the *Bankruptcy Code*. *See n. 2, supra.*  A

review of that definition shows that four, separate elements must be established for a debt to be

considered a domestic support obligation.  Three of the four required elements are clearly met by

the obligations here, leaving one remaining element at issue, *viz.*, that the debt is

> (B)   in the nature of alimony, maintenance, or support...of such... former
> spouse...without regard to whether such debt is expressly so designated.

*Section 101(14A)(B)*.  The Court turns to an examination of the remaining three areas of Husband's

obligation using this standard.

### *Counsel fees*

  The only evidence, of record, as to the basis of this obligation is that found in

Paragraph 7 of the Final Decree, which provides:

> 7. Husband is ordered to pay additional counsel fees of $5,000.00 to
> plaintiff/Wife's attorney within sixty (60) days of the entry of a Final Decree in
> Divorce.  This payment is to be made by check, payable to Wife's attorney said
> check to be delivered by husband to his attorney who will then, in turn, convey the
> check directly to Wife's attorney.

*See Combined Pretrial Statement* at Exhibit B.  Some courts have found that an attorney fee award in a divorce proceeding can itself be in the nature of alimony, maintenance, or support if those fees were incurred to secure alimony, maintenance, or support.  *See, e.g.*, *In re Glabb*, 261 B.R. 170, 173 (Bankr. W.D.Pa. 2001).  However, there is nothing of evidence in the record which could support such a finding in the present case.  The Final Decree itself does not give any indication that the fees in question were incurred to secure alimony, maintenance or support (as opposed, say, to being incurred in connection with the property distribution litigation.)

Some courts have also considered whether there was a significant disparity in the financial conditions of the parties when making a determination whether an attorney fee award should be considered in the nature of alimony, maintenance, or support.  *See, e.g.*, *In re Kornguth*, 111 B.R. 525, 528 (Bankr. W.D. Pa. 1990).  Again, however, there is nothing in the Final Decree or elsewhere in the record in this case to indicate a significant financial disparity existed between Husband and Wife.[4]

Given the paucity of evidence presented as to the basis for the award of counsel fees it would be pure speculation for the Court to reach a conclusion as to why the fees were awarded. Under these circumstances the Court finds it has no choice but to conclude that Wife has failed to meet her burden of proof.  *See In re Pollock,* 90 B.R. 747, 758 (Bankr. E.D. Pa. 1988) (court lacked

---

[4]    Wife did argue that the 55/45 equitable distribution split in her favor in the Final Decree is *prima facie* evidence of a finding of financial disparity by the state court.  However, given the relatively slight deviation from a straight 50/50 split, and the many other factors not related to the Parties' financial condition that the state court was permitted to consider under *23 Pa. C.S.A §3502(a)* in making the award, the Court finds this differential to have little probative value on the issue of financial disparity and otherwise meeting the Wife's burden of proof.

necessary evidence to conclude that attorney fee award should be considered in the nature of alimony, maintenance or support and therefore could not find an exception to discharge).

### Costs and expenses

The evidence as to this obligation is limited to information found in Paragraph 8 of the Final Decree which indicates that this sum represents payment for "the appraisal fee of McGill Power for the services of Robert Power, Jr., CPA, CVA, for the valuation of Kennedy Trucking, Inc./Kennedy Landscaping." Although the Parties have submitted nothing further as to the basis for this obligation, it appears clear from the language of the Final Decree itself that the appraisal in question was done to value marital property in connection with the equitable property division. See Paragraph 2 of the Final Decree, which sets a value on "Kennedy Trucking/Landscaping." The evidence therefore does not support a finding that these costs and expenses were incurred as part of an effort to secure alimony, maintenance or support for Wife. The Court therefore finds that Wife has failed to meet her burden of proof as to this obligation.

### Rental credit

The evidence for this obligation comes from Paragraph 8 of the Final Decree which provides that "Husband shall pay to Wife the total sum of $15,509.34,[5] comprised of the fair rental

---

[5]    In broader context, Paragraph 8 provides in relevant part that "Husband shall pay to wife the total sum of $15,509.34, comprised of the fair rental credit to which Wife is entitled and $10,467.88 as costs and expenses for the appraisal fee of McGill Power." This would seem to indicate that the fair rental credit itself is actually only $5,041.46, rather than the $15,509.34 as stipulated to by the Parties in the *Combined Pretrial Statement*. In any event, given the Court's disposition of this matter it is not necessary to address that issue any further here.

credit to which Wife is entitled ...''  The Final Decree provides no further insight as to what this "fair rental credit" may be for and the Parties have provided no explanation.  The most logical explanation the Court is able to apply, as a result of reasonable inference from the stipulated facts, is that Husband had use of certain marital property during the divorce proceeding for which the state court required him to reimburse Wife at a fair rental rate.  In the absence of any other proffered explanation the Court must therefore conclude that this obligation is based on the use of property and is not in the nature of alimony, maintenance or support.  Thus, Wife has failed to meet her burden of proof as to this obligation as well.

*AND NOW*, this *15ᵗʰ* day of ***September, 2010***, for the reasons stated above, and consistent with the Court's prior *Orders* in this matter, the Court finding that none of the obligations at issue qualify as a domestic support obligation that would be excepted pursuant to either *11 U.S.C. §523(a)(5)* or *(15)* from a discharge granted under *11 U.S.C. §1328(a)*,

It is hereby ***ORDERED, ADJUDGED and DECREED*** that pursuant to *Fed.R.Bankr.P. 7052* ***JUDGMENT*** is entered in favor of the Defendant, Donald W. Kennedy, and against the Plaintiff, Mary Lynn Kennedy, and the Plaintiff's ***Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. §523(a)(15)*** is ***DISMISSED*** with prejudice.

Thomas P. Agresti, Chief Judge
United States Bankruptcy Court

Case Administrator to serve:
    Debtor
    Gary Skiba, Esq.
    Michael JanJanin, Esq.